QUESTION: Does Ch. 501, F. S., better known as the "Little FTC Act," cover prepaid legal service plans in Florida?
SUMMARY: Prepaid legal service plans in Florida are covered under Ch. 501, F. S., better known as the "Little FTC Act." Assuming that The Florida Bar is a "person" as defined in s. 1.01(3), F. S., The Florida Bar may file suits pursuant to Ch. 501 without additional legislation. Your question is answered in the affirmative for the reasons set forth below. Section 501.204, F. S., provides that all "deceptive" trade practices in any "trade or commerce" are unlawful as defined by the precedents of the Federal Trade Commission. The Department of Legal Affairs is the principal enforcer and administrator of this act, but state attorneys and consumers, through private actions, also have enforcement powers. Sections 501.203(4) and 501.211, F. S. Section 501.204, the unlawful acts and practices provision, does not limit its provisions to "consumer transactions." Section 501.204(1) declares unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce." A person who markets prepaid legal service plans is engaging in commerce, as is a person who exchanges legal services for money. Goldfarb v. Virginia State Bar, 421 U.S. 773
(1975). Under s. 501.212, F. S., activities regulated under laws administered by the Department of Insurance are exempt from the provisions of Ch. 501, F. S. The Insurance Code, part II, Ch. 624, F. S., sets forth the authority and duties of the Department of Insurance. This authority includes that expressly granted by or reasonably implied from the code provisions, in addition to that provided for in other statutory provisions. Section 624.307. Upon reviewing these statutes, the reasonable conclusion to be made is that these provisions do not apply to prepaid legal service plans, nor do they vest in the Department of Insurance the authority to regulate these plans. No useful purpose would be served by stating the various definitions of "insurance" which have been given. However, the authorities generally agree that insurance is an agreement whereby one person, for a consideration, promises to pay money or its equivalent or to perform some act of value to another on the destruction, death, loss, or injury of someone or something by specified perils. 18 Fla. Jur. Insurance s. 4. However, the dominant feature of insurance is a contract of indemnity against contingent loss. Brock v. Hardie, 154 So. 690 (Fla. 1934); 18 Fla. Jur. Insurance s. 4. This definition is not descriptive of prepaid legal service contracts. Considering that Ch. 501, F. S., is not limited to "consumer transactions" and that the dominant features of insurance are not present in prepaid legal service plans, these plans would not be exempt under s. 501.212 as being activities regulated under laws administered by the Department of Insurance. Therefore, prepaid legal service plans are covered by Ch. 501, the "Little FTC Act." Assuming that The Florida Bar comes within the meaning of a "person" as defined in s. 1.01(3), F. S., and an "interested person" as defined in s. 501.203(8), legislation would not be necessary for The Florida Bar to bring suits under the "Little FTC Act."